M. A. WILSON, Appellant, v. P. W. GRAY, Respondent.

St. Louis Court of Appeals, January 20, 1903.

Injunction: SALE UNDER DEED OF TRUST: PETITION. A petition alleging that plaintiff is the owner of certain real estate, that some years before a person named conveyed said land in trust, that afterward defendant trustee under such deed was advertising the land for sale in a certain newspaper in which such sales could be advertised under the law, states no cause of action for injunction to restrain such sale, it not appearing what was the character of the trust in the instrument, apparently unrecorded, or the nature of the advertisement or how such sale would affect plaintiff's title.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*J. D. Dalton* for appellant.

*John O. Marshall* for respondent.

REYBURN, J.—On December 19, 1901, this action was begun by filing in the office of the clerk of the circuit court of the city of St. Louis, the following petition:

Wilson v. Gray.

"Said plaintiff for cause of action against said defendant says that he is the owner of the following described real estate situated in the city of St. Louis, Missouri, to-wit:"

(Omitting the description of the realty, the pleading proceeds:)

"And that on the 10th day of September, 1890, one Jennie Clark, single, executed to Robert Rutledge, trustee for one Claude Kilpatrick, her certain deed of trust, of that date, whereby she conveyed said lands to said Robert Rutledge in trust for the benefit of said Claude Kilpatrick; that afterward, the said defendant was duly appointed trustee under said deed of trust, and is now advertising said lands to be sold thereunder on the 30th day of December, 1901, in a daily newspaper called the St. Louis Real Estate Bulletin, and unless restrained by order of this court said defendant herein will on said day sell the same. That said newspaper is not such a newspaper as is contemplated by the law, in which advertisements for sales of lands under deed of trust can be made, for the reason that said paper is not a newspaper of general circulation, but its circulation is limited to the city and county of St. Louis, Missouri, and confined almost exclusively to real estate men, money loaners, contractors and builders.

"That a sale of said lands under said advertisement will cause a cloud upon the title of said plaintiff herein and cause a multiplicity of suits, and he is without legal remedy.

"Wherefore plaintiff prays that said defendant may be temporarily enjoined and restrained from selling said lands, or further advertising the same for sale in said St. Louis Real Estate Bulletin, and that upon a final hearing of said cause said order may be made perpetual, and that plaintiff have all further relief."

This petition was verified before a notary in manner following:

"M. A. Wilson, being first duly sworn, on her oath says that she is the plaintiff in the above entitled cause

and that the matters stated in the foregoing petition are true.

"M. A. WILSON,
"By L. R. WILSON,
"Her attorney in fact."

On the 21st day of December following, plaintiff's application for a temporary injunction was submitted upon an agreed statement of facts between the plaintiff and defendant, as follows:

"It is hereby stipulated and agreed that the St. Lous Real Estate Bulletin is printed and published in the English language; that said publication claims to be, and is, a daily newspaper devoted to the real estate and kindred interests of the city of St. Louis; that it is issued every week day as a compendium of the wants, offerings, loans, delinquent tenants, new property on the market for sale, real estate transfers, building permits, with a special Saturday edition containing the rent and sale lists of the real estate agents classified and arranged for the convenience of the public; that said publication has a large circulation in the city of St. Louis and a limited circulation in the county of St. Louis, Missouri; that the price thereof is not nominal, but fixed and adhered to; that the circulation is not confined to any particular trade, but it circulates generally among real estate men, money loaners, contractors, builders, lawyers, merchants, manufacturers and other property-holders.; that of the Saturday edition of said publication, a large number of copies is for the guidance and convenience of the public seeking desirable rental property, placed for free distribution in each of the drugstores in the city of St. Louis. It contains daily a number of items of news of special interest to those interested in real estate and kindred subjects. It also contains daily a list of conveyances of real estate, deeds of trust filed, building permits, landlord summons suits, and special notes of doings of the St. Louis Real Estate Exchange. It also contains each day a large number of classified advertisements under the head of 'Business Directory.'

It is also agreed that the copies hereto attached are fair specimens of said publication.''

On the same day the plaintiff's application for a temporary injunction against the defendant was denied by the court, and at the ensuing April term the cause was submitted upon the pleadings and above agreed statement, and the court dismissed plaintiff's bill. If any specimens of the paper in question, in which the advertisement was being inserted, were submitted to the trial court, as contemplated or called for by the agreed statement, they were not incorporated in the record in this court.

In the briefs filed, opposing counsel treat the question whether the publication in question was a newspaper within the meaning of that section of the statute controlling mortgages or deeds of trust with power of sale, as the decisive issue, but under the view taken by this court, it is unnecessary to consider this proposition for a disposition of this case. Neither the petition nor the agreed statement of facts, which was the only proof or substitute for legal proof submitted to establish the allegations of the petition, show any right of action, or establish any cause of action in plaintiff.

The petition is vitally defective and signally fails to embrace allegations essential to show any right of action in plaintiff. It does not appear what was the character of the trust in the trust instrument, apparently unrecorded, nor does it appear what was the nature of the alleged advertisement, nor is it alleged how such advertisement, if matured by a sale, would affect plaintiff's title.

Defendant filed, on February 6, 1902, by way of answer, a general denial, but no evidence or proof of ownership of the realty in question, nor of the advertisement, nor in support of any other allegations, appears to have been offered, except as set forth in the incomplete stipulation or agreed statement of facts. If the sole issue controverted was the inquiry whether the publication named was a newspaper, by the recitals of the agreed statement the parties hereto have answered this

as between themselves for the purposes of this proceeding, and so nothing remained to be tried, and the judgment of the lower court in dismissing the bill was correct and is affirmed. *Bland, P. J.*, and *Goode, J.*, concur.